UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LAVONTE LAMAR MOORE, )
    Plaintiff, )
)
vs. ) CASE NO. 17-2078
)
PIAT COUNTY DEPARTMENT )
OF CORRECTIONS, et.al., )
    Defendants. )

## MERIT REVIEW ORDER

This cause is before the Court for a merit review of the Plaintiff's claims. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff says his constitutional rights were violated by the Piatt County Department of Corrections, Piatt County Jail Superintended Bell, Piatt County Jail Sergeant Donahue, and the Cook County Department of Corrections. Plaintiff says he was transferred from the Cook County Jail to the Piatt County Jail "against my will." (Comp., p. 5). On July 30, 2015, Plaintiff ate applesauce in the Piatt County Jail which had glass in it. "I cut my gums and possibly swallowed glass." (Comp., p. 5). Plaintiff says Defendants Bell and Donahue are responsible for overseeing and preparing food trays.

1

Plaintiff informed Defendant Bell about the glass and asked for medical attention. Instead, another officer took Plaintiff's vital signs. When Plaintiff asked to see a doctor, he was told the doctor said Plaintiff would be fine because any glass would pass through his system.

Plaintiff had blood in his stool on July 30, 2015 and August 2, 2015, but he did not see a nurse until August 3, 2015. It is unclear if Plaintiff told the nurse about the blood in his stool, but the nurse again told Plaintiff the glass would pass through his system and he would be fine. Plaintiff is requesting two million dollars in unspecified damages.

There are several problems with Plaintiff's complaint. First, Plaintiff cannot proceed with his claims against either the Piatt County or Cook County Correctional Facilities because neither is a legal entity and thus not a proper defendant in a lawsuit pursuant to 42 U.S.C. §1983. *Powell v Cook County Jail*, 814 F.Supp 757, 758 (N.D. Ill. 1993)(jail not a proper §1983 defendant).

Second, Plaintiff's claim that he did not want to be transferred to Piatt County, by itself, does not state a constitutional violation.

Third, Plaintiff has not stated a claim against either Defendant Bell or Donahue based on food preparation. Plaintiff has not explained how either Defendant is personally involved in food preparation, and neither Defendant can be found liable simply because he is a supervisor. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)("The doctrine of *respondeat superior* (supervisor liablilty) does not apply to § 1983 actions..").

Even if Plaintiff could demonstrate the Defendants were directly involved in preparing his food, there is no inference that the glass was intentionally placed in his food. Furthermore, the one incident alleged does not rise to the level of a constitutional violation. "[I]n a large food operation as the prison dietary, oversights such as the presence of crusted food or cigarette ashes on dining room fixtures and utensils on occasion, or even 'foreign objects' in the food can be expected." *Hadley v. Dobucki*, 1995 WL 364225, at *3 (7th Cir. 1995); *Jackson v. Lang,* 2010 WL 3210762, at *1 (N.D.Ill. Aug.10, 2010)( "one incident of finding rodent parts in a meal, though most unfortunate, does not rise to the level of a constitutional violation."); *George v. King,* 837 F.2d 705, 707 (7th Cir.1988) (one incident of food poisoning in prison does not state a § 1983 claim of a constitutional violation); *McRoy v. Sheahan,* No. 03 C 4718, 2004 WL 1375527, *3 (N.D.Ill. Jun.17, 2004)(" Even a dead mouse in an inmate's meal is only a minimal deprivation without a showing of injury.); *Wassil v. Casto,* 2014 WL 988479, at *11 (S.D.W.Va.,2014)(" while the presence of a dead rodent in Plaintiffs' food is revolting, this incident does not objectively constitute a denial of the "minimal civilized measure of life's necessities.").

Plaintiff's final claim alleges the Defendants were deliberately indifferent to his serious medical condition. To demonstrate an Eighth Amendment violation, Plaintiff must show he suffered from a serious medical condition and the named Defendant was deliberately indifferent to that condition. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Plaintiff reports he had a cut on his gums and blood in his stool on two occasions. However, Plaintiff reports no other

3

symptoms or medical problems in the year and a half between the incident and filing his complaint.

Apparently a doctor was consulted when Plaintiff reported glass in his food, but Plaintiff did not see a nurse until four days later. Both informed Plaintiff he would be fine and the glass would pass through his system.

Plaintiff has not alleged he suffered from a serious medical condition. "An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 301 (7th Cir. 2010) (internal quotations omitted). Plaintiff initially reported he thought he had swallowed glass and had a cut to his gums. Plaintiff does not allege the cut itself required medical attention, and he was told the glass would pass through his system. *See Pinkston v. Madry,* 440 F.3d 879, 891 (7th Cir. 2006)(split lip and swollen cheek not serious medical condition); *Davis v. Jones,* 936 F.2d 971, 972-73 (7th Cir. 1991) (scraped elbow and small cut to temple not serious medical conditions);.*Mock v. Castro*, 2016 WL 7324563, at *5 (N.D.Ill. Dec. 16, 2016)("courts have held that injuries like a split lip and a swollen cheek do not present an objectively serious medical need, and this suggests that in the present case, a state actor would not reasonably think (plaintiff's) presentation indicated a need for medical care.").

Plaintiff later noticed blood in his stool, but he admits he met with a nurse. She agreed with the doctor that if Plaintiff had swallowed glass, it would pass through his system and Plaintiff would be okay. The Court also notes an "inmate who claims that a

4

delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Langston v Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996). However, Plaintiff admits no further medical problems beyond his fear that he might swallow glass again. As advised by medical staff, if he had swallowed glass, it passed through his system without further incident.

Based on the allegations in Plaintiff's complaint, he has not articulated a violation of his constitutional rights.

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed. All pending motions are denied as moot. [7, status]

2) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 26th day of September, 2017.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE